# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **DAVID A. BROWN,**<br><br>*Plaintiff,*<br><br>v.<br><br>**Warden KARL FORT,** *et al.*,<br><br>*Defendants.* | **CIVIL ACTION NO.**<br>**5:21-cv-00074-TES-CHW** |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the United States Magistrate Judge's Report and Recommendation [Doc. 9] to dismiss without prejudice Plaintiff's claim for relief against Warden Fort and deny Plaintiff's Motion to Set Aside Heath [Doc. 3]. *See* [Doc. 9, pp. 6–8]. The Court conducts a de novo review of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(C). Here, Plaintiff filed objections relating to the recommended dismissal of his deliberate indifference to a serious medical need claim against Warden Fort and the denial of his motion for appointment of counsel. [Doc. 14]; *see also* [Doc. 15][1]. However, neither objection

---

[1] Although Plaintiff filed this document as his "Written and Sworn Affidavit", the Court will liberally construe it as an objection to the United States Magistrate Judge's Report and Recommendation. *See* [Doc. 15].

presents a legitimate reason for this Court to disturb the findings of the magistrate judge.

First, Plaintiff objects to the dismissal of his claim against Warden Fort by alleging facts in support of a deliberate indifference to a serious medical need claim that he failed to include in his Complaint [Doc. 1]. *See* [Doc. 14]; [Doc. 15]. If Plaintiff sought to supplement his original claims with these factual allegations, then he ought to have pursued the appropriate remedial action via a motion for leave to amend pursuant to Federal Rule of Civil Procedure 15. As it stands, this apparent attempt at amendment is not relevant to the magistrate judge's determination that Plaintiff, in his Complaint, failed to state a viable claim against Warden Fort.

Second, Plaintiff objects to the magistrate judge's denial of the appointment of counsel, arguing that "[he] has no lawyer experience" and "cannot represent [himself]." [Doc. 14]. In his Report and Recommendation, the magistrate judge considered and rejected this very same argument by Plaintiff, specifically noting that appointment of counsel in a civil case is justified only by exceptional circumstances. [Doc. 9, p. 9]. Upon review, the Court similarly finds that Plaintiff failed to articulate an exceptional circumstance warranting the appointment of counsel at this stage of the proceedings.

Accordingly, the Court **ADOPTS** the United States Magistrate Judge's Report and Recommendation [Doc. 9] and **MAKES IT THE ORDER OF THE COURT**. The

Court **DISMISSES without prejudice** Plaintiff's claim for relief against Warden Fort and **DENIES** Plaintiff's Motion to Set Aside Health [Doc. 3].[2]

**SO ORDERED**, this 22nd day of June, 2021.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[2] The Court notes that Plaintiff failed to file any objections relating to the recommended denial of his Motion to Set Aside Health [Doc. 3]. Therefore, the Court reviewed the magistrate judge's findings on this matter for clear error. 28 U.S.C. § 636(b)(1)(A). After careful review, the Court finds no clear error and **ADOPTS** the Recommendation [Doc. 9].